**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/11/20

**PARKER AND CARMODY, LLP**
ATTORNEYS AT LAW
850 THIRD AVENUE
14TH FLOOR
NEW YORK, N.Y. 10022

DANIEL S. PARKER                                      TELEPHONE: (212) 239-9777
MICHAEL CARMODY                                       FACSIMILE:  (212) 239-9175
CHRISTINA S. COOPER                                   DParker@ParkerandCarmody.com

June 10, 2020

**By ECF**
Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Antonio Reyes</u>
20 Cr 127 (GHW)

Dear Judge Woods:

I write with the consent of the Government requesting that the Court issue a new bail order as well as amend the terms and conditions of Mr. Reyes' bail and, in essence, allow him to be placed on home detention rather than on home incarceration at his daughter's residence at the residence where he is currently living.[1]

It is my understanding that the current temporary bail order expires on June 18, 2020. I have spoken with AUSA Krissoff and the Government consents to a new temporary bail order that will expire on or about August 18, 2020.

I have also spoken with Bernisa Mejia of SDNY Pre-trial Services and Pre-trial does not object to this application and defers to the Government with respect to the defendant's application.

In addition, the Magistrate Clerk's office has advised the parties that, regardless, it needs to prepare a new bond because the prior bond was not properly prepared. The bond would state that Mr. Reyes is released on a $50,000 personal recognizance bond. The bond should state that Mr. Reyes, who is already out on bail, is to be released on his own signature and the bond must be co-signed by two financially responsible people within one week of its issuance.

The Clerk's office has told the parties that if the Court outlines the terms and conditions of Mr. Reyes' bail, it will prepare a new bond and Order Setting Conditions of Release and have

---

[1] Her address is redacted from the public filing of the respective documents.

1

the respective parties sign it. The Clerk's office advised that Your Honor could "So Order" this letter and it will prepare all the appropriate documents.

I am attaching a copy of the prior Order Setting Conditions of Release filed March 31, 2020. We ask that Your Honor direct that the same conditions set forth in the Order be imposed with the following modifications:

1. The requirement delineated on page 3 (of 4) as set forth in paragraph 3, shall be changed to the read: "The Defendant *shall* be released on his own signature and may sign the bond remotely.

2. The requirement delineated in on page 2 of the attached in paragraph 7(p)(iii) mandating that Mr. Reyes be placed on home incarceration secured by electronic monitoring should be deleted and replaced with the condition in paragraph 7(p)(ii) that Mr. Reyes be placed on home detention;

3. On page 3 of the attached titled "Conditions of Bail continued," paragraphs 1 and 2 should be deleted and in its place, the bond should state that "In addition to conditions set forth in paragraph 7(p)(ii), the defendant may leave his residence daily between the hours of 2:30 and 4:30 p.m. to go outside the house so long as he remains within the curtilage of the premises.

4. On page 3, the conditions set forth in paragraphs 4-10 shall be re-imposed.

If the foregoing meets with the Court's approval, then I respectfully request that the Court "So Order" this letter and the parties will confer with the Clerk's office to make sure the bond and conditions of release are effectuated.

Thank you for your consideration in this matter.

Respectfully,

/s/

Daniel S. Parker

Cc: all parties by ECF and email
Danny Ortiz, Director of Criminal Case Operations

> Application granted. The modifications to the conditions of Mr. Reyes' pre-trial release are modified as described in this letter. The Court expects that the parties and Pretrial Services will work to implement the modifications to Mr. Reyes' bond. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 42.

SO ORDERED          _____
June 11, 2020              GREGORY H. WOODS
                                    United States District Judge

2