USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2022

**PARKER AND CARMODY, LLP**
ATTORNEYS AT LAW
30 EAST 33RD STREET
6TH FLOOR
NEW YORK, N.Y. 10016

DANIEL S. PARKER
MICHAEL CARMODY
CHRISTINA S. COOPER

**MEMORANDUM ENDORSED**

TELEPHONE: (212) 239-9777
FACSIMILE:  (212) 239-9175
DanielParker@aol.com

July 7, 2022

**By ECF and email**
Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **United States v. Antonio Reyes**
S 2 20 Cr 127 (GHW)

Dear Judge Woods:

     I write requesting a modification of the terms of Mr. Reyes' Supervised Release as set forth in the Judgment (Dkt. 126) filed June 17, 2022.

     I have conferred with AUSA Ni Quan and the Government does not object to modify the terms of his supervised release to include a curfew as opposed to home detention.

     In paragraph 2 on page 5 of the Judgment, under the caption Special Conditions of Supervision, the Court imposed a condition of "GPS monitoring and any other location monitoring technology" for a period of 12 months.  In paragraph 3, the Court imposed a condition that echoes the home detention conditions of his pre-trial release.

     It was my understanding that the Court's intention as expressed during sentencing on June 17, 2022, was to allow Mr. Reyes more freedom in the community by allowing him to be monitored by a GPS device (while still subjecting him to monitoring) as opposed to the more stringent condition of home detention.

     I have spoken with his supervising probation officer, Senior Probation Officer Robert Comine, who advised me that in the district where Mr. Reyes is being supervised, Probation does not engage in GPS monitoring and cannot follow that condition, so for all intents and purposes, Probation has interpreted the Court's judgment in a way that Mr. Reyes remains subject to home detention.

     If the Court intended to give Mr. Reyes more latitude while still subjecting him to restrictions, then as it currently stands, the Court's intention is not being met.  If, on the other

hand, the Court intended for Mr. Reyes to remain on home detention pursuant to the same conditions upon which he was released on bail, then the Court's intention is being met.

If the Court's intention was to provide Mr. Reyes with more latitude, yet still subject him to restrictions, then after conferring with Mr. Comine, one alternative would be to modify the terms of his Supervised Release by amending Special Condition # 2, eliminate the phrase "monitored by active GPS," keep the phrase "and any other location monitoring technology," and eliminate Special Condition # 3, replacing it by imposing a curfew with the time of the curfew to be set at the discretion of his probation officer.

To summarize, proposed amended Special Condition # 2 would then read:

"The defendant shall be monitored by location monitoring technology directed by the Probation Officer for a period of 12 months and shall abide by all technology requirements. The defendant shall pay all or part of the costs in the location monitoring program as directed by the Court and the probation officer."

The proposed revised Special Condition #3 would then read:

"The defendant shall abide by a curfew with the time of the curfew to be imposed at the discretion of the probation officer."

All other conditions of the previously imposed Judgment and terms of Supervised Release would remain in effect.

I have conferred with Probation Officer Comine who does not object to this proposed modification based on his district's inability to impose GPS monitoring and who has confirmed that the proposed language is acceptable to Probation.

Thank you for your consideration in this matter.

Respectfully,

Daniel S. Parker

Cc: AUSA N. Quan (by email)
    PO R. Comine (by email)

Application denied. The judgment properly reflects the Court's sentence; the Court did impose a condition requiring home detention as described in the judgment. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 127.
SO ORDERED.
Dated: July 8, 2022
New York, New York

GREGORY H. WOODS
United States District Judge

2